UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MOHAMED SR. and SHIRLEY MOHAMED (as Trustees of the Joseph Mohamed Sr. and Shirley Mohamed Charitable Remainder Unitrust II),<br><br>  Plaintiffs,<br><br>     v.<br><br>COUNTY OF SACRAMENTO; BRIAN WASHKO (individually and as Chief Building Official for the County of Sacramento); and DOES 1 through 100, inclusive,<br>  Defendants. | No.  2:16-cv-01327-JAM-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS & STRIKE** |

Plaintiffs Joseph Mohamed Sr. and Shirley Mohamed amended their previously dismissed Complaint and once again sue Defendants Brian Washko and the County of Sacramento for violating their rights under 42 U.S.C. § 1983 and breaching a contract between the County and Plaintiffs.  First Am. Compl. ("FAC"), ECF No. 13.  Defendants once again bring a motion to dismiss, challenging Plaintiffs' FAC under Rule 12(b)(6) and Rule

1 12(f). Mot., ECF No. 14. Plaintiffs oppose. ECF No. 15.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs own eighty acres of land in Sacramento County. FAC ¶ 10. They built a Planned Unit Development ("PUD") on the land, naming it Alhambra Farms. Id. ¶ 13. The plan included the Alhambra Farms Equestrian Center ("Equestrian Center"). Id.

In 2007, Plaintiffs discussed their PUD with the County of Sacramento ("County"). First, Plaintiffs submitted a pre-application meeting request, which included their proposal to build ten homes, a full-size riding arena, a caretaker's home, and a private clubhouse. Id. ¶ 14. Five to six County departments met with Plaintiffs, including the Sacramento County Planning and Building Inspection Department ("PBI"). Id. ¶ 15.

Plaintiffs wanted their Equestrian Center to include "agricultural exempt" ("ag exempt") buildings. Sacramento County Code § 16.02.080 governs "ag exempt" building permits. When Plaintiffs applied for these permits, that Section stated, in relevant part, an "agricultural building" shall qualify for an "exempt building permit" if it is located on land with twenty or more acres used primarily for agricultural uses, and certain conditions are met. Id. (citing the conditions).

California Building Code § 202 defines an "agricultural building" as "[a] structure designed and constructed to house farm implements, hay, grain, poultry, livestock, or other horticultural products. This structure shall not be a place of

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 24, 2017. In deciding this motion, the Court takes as true all well-pleaded facts in the complaint.

2

human habitation or a place of employment where agricultural products are processed, treated, or packaged; nor shall it be a place used by the public." Id.

Five years after their pre-planning discussions with the County, Plaintiffs submitted applications to receive "ag exempt" permits to construct Hay Barn I, the Agricultural Barn, the Riding Arena, and Hay Barn II. See FAC ¶¶ 18, 22.

Plaintiffs then sent a letter to Roger Fuller, the PBI Inspector, confirming these four buildings would not involve commercial use. Id. ¶ 24. Plaintiffs also submitted their plot plan. Id. ¶ 21. On October 15, 2012, the County approved Plaintiffs' plot plan and the "ag exempt" permits for all four buildings (the "Original Four"). Id. ¶¶ 21, 25. Afterwards, Plaintiffs applied for several permits to add electrical and plumbing services. Id. ¶¶ 26-28.

Soon after, PBI inspectors began conducting final inspections. They started with Hay Barn I, the Agricultural Barn, and the Riding Arena. The inspectors raised questions to Brian Washko-Chief Building Official for the County—about whether these were, in fact, "ag exempt" buildings. Id. ¶ 31. Yet, ultimately, the County approved Hay Barn I, the Agricultural Barn, and the Riding Arena. Id. Then the PBI inspectors focused on Hay Barn II. After their final inspection, PBI inspectors raised the same questions to Washko, but, again, the County approved Hay Barn II as an "ag exempt" building. Id. ¶ 32.

After the County approved the Original Four as "ag exempt" buildings, Plaintiffs met with Washko to discuss the Equestrian Center. They reviewed issued permits, Plaintiffs' completed

3

1 | work, and the County's inspections.  Id. ¶ 35.

2 |     In August 2014, Plaintiffs' Alhambra Farms project came to
3 | a halt.  Washko inspected the Equestrian Center and then wrote a
4 | letter to Plaintiffs revoking the permits for the Stables, Riding
5 | Arena and Restroom Building. Id. ¶ 40.  In his letter, Washko
6 | asserted that he was revoking these permits because they were
7 | intended for public rather than agricultural use and were
8 | therefore not "ag exempt" buildings ("Washko Letter"). Id.
9 | ¶¶ 40-41.  In January 2015, the County issued a "Notice of
10 | Violation" and a "Stop Work Order". Id. ¶ 44.

11 |     Plaintiffs initiated the appeals process.  First, they filed
12 | an administrative appeal with the Building Board of Appeals
13 | ("Board"). Id. ¶ 45.  The Board upheld Washko's decision to
14 | revoke the permits. Id.  Then Plaintiffs appealed to the
15 | Sacramento County Superior Court. Id. ¶ 46.  The Superior Court
16 | reversed the board's decision to revoke the Riding Arena permit
17 | but upheld the County's decision regarding the Stables and
18 | Restroom Building permits. See Judgment on Petition for Writ of
19 | Mandate at 2 (attached to FAC as Exh. U). Plaintiffs filed an
20 | appeal with the Third District Court of Appeal contesting the
21 | Superior Court decision regarding the Stables and Restroom
22 | Building. This appeal is still pending.

23 |     Plaintiffs bring several claims against Defendants in this
24 | amended complaint.  Plaintiffs allege Defendants denied them
25 | procedural due process under the Fourteenth Amendment, retaliated
26 | against them for engaging in First Amendment activities, and
27 | committed an unconstitutional taking under the Fifth Amendment.
28 | See generally FAC.  Plaintiffs also bring a breach of contract

claim against only the County.  Id. at 18.  Defendants move to dismiss/strike Plaintiffs' FAC.

## II.   OPINION

### A.   Section 1983 Claims

Section 1983 vindicates federal rights, but does not itself constitute a substantive right.  See Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal citation omitted).  To successfully bring a § 1983 claim, a plaintiff must show "a person acting under color of state law committed the conduct at issue" and "the conduct deprived the claimant of some right, privilege, or immunity protected by [federal law]."  Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988).  Simply put, § 1983 imposes liability for violating constitutional rights, but not for violating duties arising from tort law.  See Baker v. McCollan, 443 U.S. 137, 146 (1979).

### B.   Judicial Notice

Defendants ask the Court to take judicial notice of (1) the Order Granting Defendants' Motion to Dismiss ("Order") (attached to Defendants' Request for Judicial Notice ["RJN"] as Exh. A), and (2) Plaintiffs' First Amended Complaint (attached to Defendants' RJN as Exh. B).  ECF No. 14-2. This RJN is unnecessary given that both documents are already part of the record in this case.

### C.   Defendants' Motion to Strike

A district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" to avoid expending time and money

5

1  "litigating spurious issues by dispensing with those issues
2  [before] trial...."  See Fed. R. Civ. P. 12(f).  See also
3  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)
4  (quotation marks, citation, and first alteration omitted), rev'd
5  on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517
6  (1994).

7      Defendants move to strike all allegations pertaining to the
8  revoked Horse Stables and Restroom Building permits, arguing
9  that they are immaterial and impertinent because the Court
10 previously dismissed Plaintiffs' procedural due process claim as
11 to those revoked permits.  Mot. at 3-4.  Without citing any case
12 law, Plaintiffs argue it is procedurally improper for Defendants
13 to move to strike because they filed only a motion to dismiss.
14 Opp'n at 7-8.  But, Plaintiffs continue, even if the Court deems
15 it proper, Defendants cannot construe the Court's Order as
16 limiting this case only to the Riding Arena.  Id. at 8.

17     Defendants are correct.  First, Defendants properly moved
18 to strike.  Rule 12(f) provides that when, as here, a Court
19 permits a responsive pleading, the responding party must move to
20 strike before responding to the pleading.  Fed. R. Civ. P. 12(f)
21 ("on motion made by a party ... before responding to the
22 pleading").  Defendants have done so—albeit in the same motion.
23 Mot. at 1, 3-4.  This comports with Rule 12(f)'s plain language.

24     Second, the Court granted Plaintiffs leave to amend this
25 procedural due process claim only as it pertained to the revoked
26 permit for the Riding Arena (which the Superior Court held had
27 been improperly revoked by the County) and not as to the revoked
28 Horse Stables and Restroom Building permits, see Order at 12-15.

1  Because the Court's Order procedurally bars allegations about
2  the revoked Horse Stables and Restroom building permits, the
3  Court grants Defendants' motion to strike all allegations about
4  those permits as immaterial and impertinent.  See Fantasy, 984
5  F.2d at 1527-28 (striking allegations procedurally barred by
6  statute of limitations and res judicata).
7         D.   Defendants' Rule 12(b)(6) Motion to Dismiss
8     Defendants move to dismiss Plaintiffs' first and fourth
9  causes of action for failure to state a claim.  Mot. at 1.
10             1.   First Cause of Action:  Procedural Due Process
11                  Under the Fourteenth Amendment
12     Plaintiffs bring their first § 1983 claim against all
13 Defendants, alleging that the Washko Letter, the County's
14 subsequent "Notice of Violation" and "Stop Work Order," and the
15 Board's administrative hearing denied them due process under the
16 Fourteenth Amendment.  See FAC ¶¶ 49-58.  Specifically,
17 Plaintiffs challenge Defendants' decision to revoke the Riding
18 Arena permit, insisting that Plaintiffs acquired vested rights
19 in that permit once they—relying on that permit—spent millions
20 building the project.  Id. ¶ 51.
21      The Fourteenth Amendment provides that "[n]o state shall
22 ... deprive any person of life, liberty, or property, without
23 due process of law."  U.S. Const. amend. XIV, § 1.  To state a
24 procedural due process claim, a plaintiff must allege (1) a
25 protectable liberty or property interest, (2) the government
26 deprived him of that interest, and (3) the government denied him
27 adequate procedural protections.  See Foss v. Nat'l Marine
28 Fisheries Serv., 161 F.3d 584, 588 (9th Cir. 1998) (internal

7

citations omitted).  The Ninth Circuit has clarified that "[a] property interest in a benefit protected by the due process clause results from a 'legitimate claim of entitlement' created and defined by an independent source, such as state or federal law."  Bateson v. Geisse, 857 F.2d 1300, 1305 (9th Cir. 1988).

Defendants contend Plaintiffs failed to state a claim because (1) § 105.6 gave the County discretion to revoke the Riding Arena permit, and (2) Plaintiffs have not identified local or state law entitling them to this permit.  Mot. at 4.  Plaintiffs disagree, arguing they have sufficiently alleged a vested right in the Riding Arena permit.  Opp'n at 9-12.

The Court agrees with Plaintiffs.  Defendants' first argument—that § 105.6 gave the County discretion to revoke the Riding Arena—fails because that discretion applied only if the County issued a permit based on "incorrect, inaccurate, or incomplete information."  California Building Code § 105.6.  Yet the County issued the Riding Arena permit based on truthful information because Plaintiffs built exactly what they applied for—a Riding Arena.  See Ruling on Submitted Matter at 14 (attached to FAC as Exh. U).  So, the County lacked discretion under § 105.6 to revoke the Riding Arena permit.

Defendants' second argument that Plaintiffs have not identified law entitling them to the Riding Arena permit also fails.  Plaintiffs allege their legitimate entitlement claim arose under an equitable estoppel theory.  See FAC ¶ 51 (Plaintiffs acquired a vested right in Riding Arena permit because they spent millions of dollars building it in reliance on the issued permit).  This sufficiently identifies state law

8

granting Plaintiffs a vested right in the Riding Arena permit—a right whose "impairment or destruction must not transgress constitutional principles." See Stanson v. San Diego Coast Reg'l Comm'n, 101 Cal. App. 3d 38, 49 (1980)("[A]n owner of property acquires a vested right to construct a building where the conduct of the government amounts to a representation that such construction is fully approved and legal, and in reliance on such representation the owner materially changes position."). Because Plaintiffs have alleged a protectable property interest in the revoked Riding Arena permit, the Court denies Defendants' motion to dismiss the first cause of action.

        2.    Fourth Cause of Action:  Breach of Contract

In drafting their FAC, Plaintiffs added a new claim brought against only the County, alleging that the County breached a written agreement when it revoked the Riding Arena permit. Id. ¶¶ 73, 78. Defendants argue Plaintiffs failed to state a claim because they never sought, and this Court never granted, leave to amend to add new causes of action. Mot. at 4.

When a plaintiff amends a complaint by adding new claims without first seeking leave, a court may dismiss those new claims for failure to state a claim. See Synagogue v. United States, 482 F.3d 1058, 1060 n.4 (9th Cir. 2007) (declining to remand to district court to allow leave to amend complaint to add new claim when plaintiffs did not seek district court's leave). Because Plaintiffs did not request and the Court did not grant leave to amend to add a new claim, the Court dismisses the fourth cause of action without prejudice. See Clarke v. Upton, 703 F. Supp. 2d 1037, 1051 (E.D. Cal. 2010) (dismissing

9

eighth claim because it was "entirely new and leave to amend to allege it was neither requested nor granted").

The Court need not fully address the County's other arguments in support of its motion to dismiss this breach of contract claim, however, the Court notes that this claim as currently pled in the FAC seems to lack specificity regarding the exact terms of the alleged contract(s) and the manner in which the breach occurred.

## III.   ORDER

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss/Strike as follows:

1. Defendants' motion to strike all allegations pertaining to the revoked Horse Stables and Restroom Building permits as immaterial and impertinent is GRANTED;

2. Defendants' motion to dismiss the first cause of action is DENIED to the extent it is brought against the revoked Riding Arena permit; and

3. Defendants' motion to dismiss the fourth cause of action is GRANTED WITHOUT PREJUDICE.

If Plaintiffs want to amend their FAC to include a new cause of action against the County for breach of contract, they shall file a second amended complaint within twenty days from the date of this Order.  Plaintiffs shall not include other new causes of action.  Defendants' responsive pleadings are due within twenty days thereafter.  If Plaintiffs elect not to amend their FAC, the case will proceed on the remaining claims, and Defendants shall

1  file their answer to the FAC within thirty days from the date of
2  this Order.
3       IT IS SO ORDERED.
4  Dated: February 27, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

11